IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| PETE MARTINEZ AND, § <br> GLADYS TREVINO § <br> Plaintiff, § <br> § <br> v. § <br> § <br> CERTAIN UNDERWRITERS AT § <br> LLOYD'S, LONDON, and § <br> LUIS F. MILLER § <br> Defendant. § | CIVIL ACTION NO. 7:16-cv-621 |

### DEFENDANT CERTAIN UNDERWRITERS AT LLOYD'S, LONDON'S NOTICE OF REMOVAL

Defendant Certain Underwriters at Lloyd's, London ("Certain Underwriters") files its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

## I.
## PROCEDURAL BACKGROUND

1. On January 12, 2016, Plaintiffs Pete Martinez and Gladys Trevino ("Plaintiffs") filed their Original Petition and initiated an action identifying Certain Underwriters and Luis Miller ("Miller") as Defendants in the 275th Judicial District of Hidalgo County, Texas (the "State Court Action").[1]

2. On September 26, 2016, Defendant Certain Underwriters received a copy of the Citation and Plaintiffs' Original Petition alleging that Certain Underwriters breached the insurance agreement and violated several sections of the Texas Insurance Code.[2] Defendant Miller has not been served with a copy of the Citation and Plaintiffs' Original Petition, which alleges that he violated the Texas Insurance Code.

---

[1] Exhibit C - Plaintiffs' Original Petition.
[2] Exhibit C – Plaintiffs' Original Petition; Exhibit D – Citation of Certain Underwriters.

3.      Certain Underwriters filed its Original Answer with Affirmative Defenses on October 7, 2016. Defendant Miller has not filed an Answer. Plaintiffs' Original Petition that serves as a basis for this removal was received by Certain Underwriters on September 26, 2016.[3] Defendant Certain Underwriters timely filed a Notice of Removal in the State Court Action on October 26, 2016. As such, Certain Underwriters removes this lawsuit within the thirty-day (30) deadline of the removal statute.[4]

4.      The undersigned contacted Luis Miller, and he consents to Certain Underwriters' removal action.

## II.
## NATURE OF THE SUIT

5.      This is an insurance dispute arising from a wind/hail claim. Plaintiffs' Original Petition asserts cursory and unsubstantiated allegations concerning the facts surrounding an April 24, 2015 hail/windstorm. Following the storm, Plaintiffs filed a homeowners' insurance claim with Certain Underwriters.[5] Plaintiffs allege that Defendants improperly denied and/or underpaid the claim.[6] According to Plaintiffs' Original Petition, Defendant Miller, the adjuster assigned by Certain Underwriters to handle the claim, was "improperly trained and failed to perform a thorough investigation" and "negligently denied" portions of Plaintiffs' claim.[7]

6.      According to Plaintiffs' Original Petition, the basis for their legal action is claims of up to $100,000 for breach of the applicable insurance contract and violations of the Texas Insurance Code. Plaintiffs also allege Certain Underwriters committed such acts "knowingly."

---

[3] Exhibit E- Receipt of Plaintiffs' Citation and Original Petition by Certain Underwriters.
[4] 28 U.S.C. § 1446(b).
[5] Exhibit C – Plaintiffs' Original Petition at ¶ 18.
[6] *Id.* at ¶ 24.
[7] *Id.* at ¶ 21 and 22.

## III.
## BASIS FOR REMOVAL

**A.    Diversity Jurisdiction**

7.    This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Certain Underwriters pursuant to 28 U.S.C. §1441(b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.    At the time this action commenced, Plaintiffs were, and still are, citizens of the State of Texas.[8]

9.    At the time this civil action commenced, Defendant Certain Underwriters was, and still is, a foreign carrier organized and existing under the laws of the United Kingdom. It is, therefore, a citizen of the United Kingdom.

**B.    Improper Joinder of Independent Adjuster Defendant**

10.    Miller has been improperly joined, and his citizenship should be disregarded. A defendant may be disregarded as a party if the Court determines that his joinder is an improper device to defeat diversity jurisdiction and prevent removal.[9] "The presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity."[10] Because there is no reasonable basis for this Court to predict that Plaintiffs might be able to recover against Miller, his presence should be disregarded in determining diversity jurisdiction and he should be dismissed.

---

[8]    Exhibit C – Plaintiffs' Original Petition at ¶ 2.
[9]    *See Gonzales v. Homeland Ins. Co. of New York*, 2011 WL 3104104 at *2 (S.D.Tex. Jul. 25, 2011) (Harmon, J).
[10]   *Id.*, quoting *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (citing S*alazar v. Allstate Tex. Lloyd's, Inc.,*455 F.3d 571, 574 (5th Cir.2006)).

### *1. Plaintiffs failed to Allege Any Specific Facts*

11.     Certain Underwriters assigned Miller to inspect Plaintiffs' property; however, Plaintiffs fail to allege any specific facts that establish a valid cause of action against Miller. Although Miller is a Texas citizen and resident, Plaintiffs have not provided any specific factual allegations as to when and whether Plaintiffs submitted information necessary to process the claim, what specific misrepresentations Miller or Certain Underwriters allegedly made, when Certain Underwriters and Miller inspected the property, what damages were and were not covered by the Policy, and what explanation Certain Underwriters and/or Miller did or did not provide.[11] Plaintiffs recite vague and form allegations regarding Miller as a Defendant. Such generic allegations are insufficient to state a potential right to relief against Miller.[12] As such, Miller has been improperly joined in an effort to defeat diversity of citizenship.

12.     The Fifth Circuit set forth the applicable standard of review in its *Smallwood* decision.[13] That is, determining the possibility of recovery under state law, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[14]  Under the Federal Rules, adequate pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"[15] "Factual allegations must be enough to raise a right to relief above the speculative level.''[16] Furthermore, the heightened pleading requirement of Rule 9(b) applies with full-force to claims sounding in fraud under the Texas Insurance Code

---

[11]   *Id.* at ¶ 14-51.
[12]   *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999).
[13]   *Smallwood,* 385 F.3d at 573.
[14]   *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *McKee v. Kansas City S. Ry. Co.,* 358 F.3d 329, 334 (5th Cir. 2004); *Parks v. N.Y. Times, Co.,* 308 F.2d 474, 478 (5th Cir. 1962)).
[15]   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).
[16]   *Hayden v. Allstate Tex. Lloyds*, CIV. A. H.-10-646, 2011 WL 240388, at *6 (S.D. Tex. Jan. 20, 2011) (quoting *Twombly*, 550 U.S. at 545).

and applies to all claims where the gravamen of the claim is fraud even if the theory supporting the claim is not technically termed fraud.[17] A plaintiff is required to plead the "who, what, when, where, and how" of the alleged fraud in order to state a claim for any type of fraud.[18] "The Fifth Circuit interprets Rule 9(b) to require 'specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent.'"[19]

13. Plaintiffs have named Miller as a defendant, but do not make any specific or distinguishable factual allegations of wrong doing against him. Instead, Plaintiffs have pleaded conclusions and repeatedly lodged blank allegations against Certain Underwriters and Miller collectively, without pointing to any specific, actionable conduct on the part of Miller. "Defendants refused to full compensate Plaintiffs"; "Defendants performed an incomplete and outcome-oriented investigation of Plaintiffs' claim"; "Defendants failed to affirm or deny coverage"; "Defendants failed to offer Plaintiffs adequate compensation"- these are but a sample of the repetitive collective allegations that make up the Plaintiffs' petition without supporting specific factual allegations.

### 2. *Plaintiffs do not Allege Any Independent Wrongdoings Against Miller*

14. Moreover, it is clear from Plaintiffs' Original Petition that Plaintiffs are not asserting any independent wrongful acts by Miller that form the basis of any claims herein. Rather, all of the

---

[17] *See SHS Inv. v. Nationwide Mut. Ins. Co.*, 798 F. Supp. 2d 811, 819-21 (S.D. Tex. 2011) (noting that claims alleging violations of the Texas Insurance Code and the Deceptive Trade Practices Act are subject to the requirements of Rule 9 and granting leave to amend complaint for failure to satisfy Rule 9(b)); *Berry v. Indianapolis Life Ins. Co.,* 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (dismissing plaintiffs' actions alleging claims under Chapter 541 and DTPA for failure to satisfy Rule 9(b)); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (noting that claims alleging violations of the Texas Insurance Code and the DTPA are subject to the requirements of Rule 9(b)).

[18] *U.S. ex rel. Williams v. Bell Helicopter Textron, Inc.,* 417 F.3d 450, 453 (5th Cir. 2005) (quoting *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

[19] *Medistar Twelve Oaks Partners, Ltd. v. Am. Econ. Ins. Co.*, CIV. A. H-09-3828, 2010 WL 1996596 *4 (S.D. Tex. May 17, 2010) (quoting *Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2005)).

allegations concern actions that Plaintiffs admit Miller took within the course and scope of his employment adjusting Plaintiffs' insurance claim on behalf of Certain Underwriters – that he was "the adjuster assigned by Underwriters to adjust the claim."[20] Therefore, there is no basis presented in Plaintiffs' petition for any claims against, or recovery from, Miller individually.

15.    Plaintiffs offer "legal conclusion couched as a factual allegation"[21] without any support in its petition. Plaintiffs allege that Miller made misrepresentations, but wholly fail to plead these allegations of misrepresentations with the specificity required by Rule (9b). Instead, Plaintiffs plead their allegations of misrepresentation, and vaguely allege that "Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence."[22]

16.    Simply, Plaintiffs have not and cannot plead any specific actionable conduct on the part of Miller, and as such Plaintiffs' joinder of Miller was improper. The Court should disregard Miller's citizenship for purposes of determining whether complete diversity exists among the parties.

17.    Pursuant to 28 U.S.C. § 1446(a), Certain Underwriters has filed with this Notice of Removal a complete copy of the State Court's file, including copies of all process, pleadings, orders and docket sheet in the State Court Action as identified on the Index of Matters Being Filed.[23] A copy of the Docket Sheet in the State Court Action is attached as Exhibit B.[24]

18.    Pursuant to 28 U.S.C. § 1446(d), Certain Underwriters has notified the clerk of the court in the State Court Action of this removal, and given notice thereof to all adverse parties.

---

[20]   Exhibit C – Plaintiffs' Original Petition at ¶ 21.
[21]   *Papasan*, 478 U.S. at 286.
[22]   Exhibit C- Plaintiffs' Original Petition at ¶ 41.
[23]   Ex. A, Index of Matters Being Filed, October 26, 2016.
[24]   Ex. B, State Court Action Docket Sheet, October 26, 2016.

## III.
## CONCLUSION

19. The basis for this removal and this Court's jurisdiction is diversity of citizenship. Plaintiffs are citizens of Texas. Certain Underwriters is a foreign carrier organized and existing under the laws of the United Kingdom. Miller has been improperly joined, and his citizenship should be disregarded. The amount in controversy, based on the allegations in Plaintiffs' Original Petition, exceeds $75,000, exclusive of interest and costs. As such, this removal action is proper. On these grounds, Certain Underwriters hereby removes the referenced State Court Action to this Court. Miller does not oppose the removal.

### PRAYER

WHEREFORE, Certain Underwriters at Lloyd's, London respectfully requests that the State Court Action be removed from the 275th Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division.

Respectfully submitted,

By: /s/ Christopher W. Martin
Christopher W. Martin
E-Mail: martin@mdjwlaw.com
State Bar No. 13057620
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

Of counsel:
Jamie P. Cooper
State Bar No. 24027603
E-Mail: cooper@mdjwlaw.com
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:   (713) 222-0101


Nichole Wooten
E-Mail: wooten@mdjwlaw.com
State Bar No. 24070880
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:   (713) 222-0101

**ATTORNEYS FOR DEFENDANT
CERTAIN UNDERWRITERS AT LLOYD'S
LONDON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel in accordance with the Texas Rules of Civil Procedure on this 26th day of October 2016:

*<u>Vía E-Servicie</u>*
Martin J. Phipps
Blayne Fisher
Brennen S. Jenkins
Phipps LLP
The Phipps
102 9th Street
San Antonio, Texas 78215
Email:  bfisher@phippsllp.com
Email:  bjenkins@phippsllp.com
Email:  jsaenz@phippsllp.com

Attorneys for Plaintiffs


　　　　　　　　　　　　　　　　　　*/s/ Nichole Wooten*
　　　　　　　　　　　　　　　　　　Nichole Wooten